CLERK'S COPY

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 3 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

[signature]
CLERK

WILLIAM P. ECONOMOU,

    Plaintiff,

v.    Civil No. 99-517 M/WWD

NEW MEXICO EDUCATIONAL
ASSISTANCE FOUNDATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS CASE comes up on Defendant's Motion to Dismiss and Plaintiff's recently filed Motion for Summary Judgment. By its motion Defendant contends, first, that the court lacks subject matter jurisdiction because Defendant is not an entity within the scope of the Fair Credit Reporting Act (FCRA), 15 U.S.C. sec 1681 *et seq.*, and secondly, that the law on which Plaintiff relies does not provide a private right of action against Defendant. Plaintiff is not clear with regard to the basic premise of his motion, but obviously asserts that Defendant's liability is clear. Pursuant to Fed. R. Civ. P. 12(b) and 56, I find and conclude in favor of the Defendant as a matter of law. Therefore, I need not decide whether Plaintiff's Motion for Summary Judgment is grounded on undisputed material facts, and I dismiss with prejudice because Defendant is not a proper party and Plaintiff has no right of action pursuant to the Fair Credit Reporting Act.

1

## Plaintiff's Claims

Plaintiff filed an Amended Petition for Injunctive Relief and Damages on October 18, 1998, in the United States District Court for the Northern District of California. On Defendant's motion, the case was transferred in May, 1999, to this district, where the alleged wrongful acts took place. The Amended Petition asserts several causes of action. Claims of discrimination and retaliation pursuant to the Rehabilitation Act of 1973 and the Americans with Disabilities Act, however, as well as state claims of intentional infliction of emotional distress and negligence were dismissed by prior order because each of them clearly and obviously failed to set out any of the necessary elements. Only Plaintiff's claims pursuant to the Fair Credit Reporting Act remain for consideration.

Plaintiff's FCRA claims allege between two and three dozen instances in which Plaintiff contends that Defendant's actions in providing inaccurate information about the nature and status of Plaintiff's student loans harmed him and entitle him to legal and equitable relief. Plaintiff claims that Defendant provided credit reporting agencies erroneous information concerning the status of several educational loans. Alleging that this release of inaccurate information violates the FCRA, Plaintiff seeks an injunction directing the Federal Trade Commission to undertake enforcement proceedings against Defendant pursuant to the FCRA for Defendant's release of inaccurate information, and also seeks unspecified monetary damages, including an award of punitive damages.

While Plaintiff's petition asserts more than one basis for jurisdiction, grounds other than the Fair Credit Reporting Act (including the assertion of diversity jurisdiction without a stated or decipherable amount in controversy) are clearly inapplicable. Thus, the allegation of jurisdiction

premised on the FCRA is the only basis of jurisdiction which remains and is the ground contested by Defendant pursuant to Fed. R. Civ. P. 12(b). (In the event a determination of subject matter jurisdiction might rest on a factual determination of the nature of Defendant's business and credit reporting activities, the parties were earlier notified that Defendant's Rule 12(b) motion would be treated as a motion for summary judgment, and both parties have supplemented their filings in response.)

In addition, Plaintiff apparently has filed a Motion for Summary Judgment (with a file date of October 12). The new documents entitled Motion for Summary Judgment could also be exhibits in support of a prior Motion for Summary Judgment filed by Plaintiff and may not constitute a second motion. In either case, the October 12 filing appears not to have been served upon the Defendant. Failure to serve Defendant is of no consequence, however, and waiting to provide the documents to Defendant only delays a final order, because the issues raised in Defendant's Motion to Dismiss dispose of the case. For this reason, the Plaintiff's Motion for Summary Judgment is acknowledged and denied, but has not been considered in substance.

## Defendant's Claims

Defendant claims (1) it is a non-profit corporation which acts as a creditor or conduit for educational loans in support of post-secondary education; (2) it acts as a "furnisher of information" regarding these loans and credit worthiness; but (3) it is not subject to liability for violation of the FCRA because it is not a credit reporting agency, and (4) enforcement of any obligations imposed upon it by the FCRA is available exclusively to a state's attorney general (on behalf of residents of the state) or the Federal Trade Commission. Thus, in addition to improper venue (with which the prior court agreed), Defendant raises the absence of subject

3

matter jurisdiction.

Defendant admits it has made educational loans to Plaintiff in New Mexico. Defendant also admits reporting about the status (or supposed status) of Plaintiff's loans to Equifax, Experian and Trans Union, all well-known national consumer credit reporting entities. Defendant acknowledges it has a duty to provide accurate information to consumer reporting agencies and to correct errors pursuant to 15 U.S.C. section 1681s-2(a) and points out a statutory duty to report the status of loans to Plaintiff "to at least one national credit bureau," 34 C.F.R. section 682.208(b). Defendant contends, however, that it is not subject to private suits and or individual liability arising from any of these information activities.

Plaintiff does not contest Defendant's factual representations with regard to the nature of Defendant's business or creditor activities. Plaintiff admits Defendant's description of its activities, and the Amended Petition states Plaintiff's essential complaint against Defendant as "error in reporting loan history to credit reporting bureaus." Both sides agree, then, that Defendant, as a creditor, furnishes information to credit reporting agencies about credit Defendant has extended in the form of educational loans. Neither party proposes that Defendant is engaged in the preparation or publication of consumer credit reports or suggests that Defendant disseminates information to other than credit reporting agencies. There are, therefore, no genuine issues of material fact in dispute.

## The Fair Credit Reporting Act

As part of a complex scheme of consumer credit protection which includes the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.*, and the Fair Credit Billing Act, 15 U.S.C. section 1601 *et seq.*, the FCRA at 15 U.S.C. sections 1681 through 1681u is directed at

4

the industry which reports the status of a consumer's credit to all persons or entities who make legitimate inquiry. "It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. . . ." 15 U.S.C. section 1681(b).

In spite of the breadth of the statutory purpose, Defendant is correct that the FCRA is limited to and directed solely at "consumer reporting agencies," defined at section 1681a(f) as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. Id.

Section 1681a(a) defines person as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." A consumer report is defined at section 1681a(d)(1) as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance . . .; (B)employment purposes, or (C) any other purpose authorized . . . .
> Id.

Further, the FCRA specifically limits the meaning of "consumer report" by excluding a "report containing information solely as to transactions or experiences between the consumer and

5

the person making the report. . . ." 15 U.S.C. section 1681a(d)(2)(A)(1). Thus, nothing in the FCRA includes Defendant as a liable or responsible entity. The only pertinent "persons" within the meaning of the FCRA are those which generate credit reports for public consumption. "On the surface the FCRA might appear to be an adequate device for consumers to redress some of the abuses inflicted on them by the credit reporting industry. On closer examination, however, its weaknesses become readily apparent. First and foremost, there is virtually a complete absence of any mention of liability for those who provide information to the credit bureaus." David Rameden, "When the Database is Wrong . . . Do Consumers Have Any Effective Remedies Against Credit Reporting Agencies or Information Providers?" 100 Comm.L.J. 390, 403-404 (1995).

## Subject Matter Jurisdiction

In considering the Plaintiff's position pursuant to Fed. R. Civ. P. 12(b), I have assumed as true all well-pleaded facts presented by Plaintiff's petition and Plaintiff's responses to Defendant's Motion to Dismiss and I have drawn all reasonable inferences in favor of the Plaintiff. See: Housing Authority of the Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991). Still, I find and conclude that Plaintiff not only cannot prevail, but also that his claims and his position as to Defendant's liability are insufficient to entitle him to go forward with evidence. Plaintiff cannot prevail under any set of facts, because the federal law invoked by the Plaintiff does not hold Defendant liable for the actions of which Plaintiff complains.

Plaintiff responds to the motion to dismiss for lack of subject matter jurisdiction by arguing that Defendant is a "person," as the FCRA defines it, and therefore necessarily within its provisions, so as to be liable to Plaintiff. However, Plaintiff reads only section 1681a(d)(1) of the

FCRA, and completely ignores the many sections which direct the statute only to "credit reporting agencies." Other than the references at section 1681s-2 to "furnishers of information," it appears, even though the FCRA defines "person" so as to include Defendant, its scope is singularly aimed at persons or entities that are a part of the credit information process by the generation of consumer credit reports. Thus, the FCRA's definition of "person" is not enough to bring Defendant within the requirements of the FCRA or give Plaintiff a cause of action against Defendant.

The FCRA does not grant any federal district court jurisdiction to hear Plaintiff's complaints against Defendant because it is not concerned with nor encompass the alleged actions by Defendant of which Plaintiff complains. Thus, even if Plaintiff were to prove every statement in his Amended Petition, Plaintiff could not prevail in this case. The law itself does not hold Defendant responsible for the actions complained of, even if solidly established by admissible evidence. As the Commercial Law Journal points out:

> Two observations are worth noting. First, one cannot help but notice the conspicuous absence of any affirmative obligation on the part of creditors to accurately report information to the credit bureaus. These information providers are the first line of defense for maintaining an accurate credit reporting system but are practically ignored by the FCRA. Second, many of the statutory duties of the credit bureaus are conditional upon the consumer making a request or some other triggering event that requires the consumer to be proactive in managing his credit file and correcting the inaccuracies that he played virtually no role in causing in the firs place. Rameden, supra at 402.

Not only do the plain words of the statute support the conclusion that the FCRA does not encompass the actions of a "furnisher of information," but also all of the published case law and

commentary on the subject agrees that Defendant's position is correct. Defendant cannot be liable to Plaintiff in a private suit for disclosing erroneous information to credit reporting agencies. See.: Ditty v. Checkrite, Ltd., 973 F. Supp. 1320, 1331 (D. Ut. 1997); Heath v. Credit Bureau of Sheridan, Inc., 618 F.2d 693 (10th Cir. 1980); "Requirement of Sec. 607(B) of Fair Credit Report Act That Credit Bureau Follow 'Reasonable Procedures to Assure Maximum Possible Accuracy'," 81 A.L.R. Fed. 207 (1987); "Liability of Bank to Other than Party Whose Financial Condition is Misrepresented for Erroneous Credit Information Furnished by Bank or Its Directors, Officers, or Employees," 77 A.L.R. Fed. 6 (1998).

This conclusion answers Defendant's second contention, as well. There can be no private right of action pursuant to the FCRA against "furnishers of information" to credit reporting agencies. The FCRA neither regulates the conduct of "furnishers of information" nor penalizes the mistakes of these persons and entities, whether the mistakes are willful or negligent. Therefore, as a matter of law, Plaintiff's claims fail and the complaint must be dismissed. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 249-250 (1989).

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied; and Defendant's Motion to Dismiss is granted. Plaintiff's Petition for Injunctive Relief and Damages is dismissed with prejudice in its entirety.

_____
SENIOR UNITED STATES JUDGE